UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID WAYNE HAYDEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-02096-WTL-DML |
| ) | |
| NURSE PRACTIONER ALLEN, and ) | |
| D. BUCKMASTER R.N., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff David W. Hayden Jr., an inmate at the New Castle Correctional Facility ("New Castle"), filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights when they denied him treatment for Hepatitis C. The defendants move for summary judgment arguing that Mr. Hayden failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

1

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

A. *Undisputed Facts*

At all times relevant to his Complaint, Mr. Hayden was confined by the Indiana Department of Correction ("IDOC") at New Castle Correctional Facility. Mr. Hayden alleges that on or about November 18, 2014, he was diagnosed with a Hepatitis C infection. He claims that since that date he has not received appropriate treatment for his Hepatitis C infection.

The IDOC has an Offender Grievance Process which is intended to permit inmates of the IDOC to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in Court. All offenders are made aware of the Offender Grievance Process during orientation and a copy of the Grievance Process is available in various locations within the prisons, including the law library.

The Grievance Process consists of three steps. The first step requires the inmate to contact staff to discuss the matter or incident subject to the grievance and seek informal resolution of his

complaint. If the offender is unable to obtain a resolution of the grievance informally through officials at the facility, he or she may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Executive Assistant of the facility or designee. The Executive Assistant or designee has 15 working days from the date that the grievance is received to complete an investigation and provide a response to an offender, unless the time has been extended. If the offender does not receive a grievance response within the time frame noted, then their appeal is due by the 25th day after the grievance was submitted. Once a Level I Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the offender, the offender may appeal the facility's decision by submitting a Level II Grievance Appeal. The Department of Corrections' Offender Grievance Manager reviews the inmate's appeal and submits a response. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

Mr. Hayden filed nine grievances between May 14, 2007 and February 27, 2015, while incarcerated at New Castle. Mr. Hayden has not filed any grievances from April 23, 2014 to the date of filing the present lawsuit on December 22, 2014. The grievance records reflect that Mr. Hayden has not filed any grievances related to the claims arising in November 2014 alleged in his Complaint.

B. *Exhaustion*

The defendants argue that Mr. Hayden failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516,

3

524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

  C. *Discussion*

  The defendants have shown that Mr. Hayden filed no grievances related to his claim that they denied him treatment for his Hepatitis C infection. Mr. Hayden does not dispute this, but argues that the Grievance Process would have been inadequate to address his claims. He states, for example, that he "could not realistically expect a particular outcome of a grievance." Dkt. 17 at p. 11. But exhaustion of administrative remedies is mandatory and not subject to futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741. In addition, the Health Care Request forms allegedly submitted by Mr. Hayden are not grievance forms and they are not a substitute for the Offender Grievance Process. It is therefore undisputed that Mr. Hayden failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Hayden action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

The defendants' motion for summary judgment [dkt. 13] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/14/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID WAYNE HAYDEN, JR
962384
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel